WILLIAM F. BURKE et al., complainants-respondents,

*v.*

EDWARD C. GUNTHER, substituted administrator, &c., et al., defendants, and EDWARD C. ARMSTRONG, defendant-respondent.

[Argued May term, 1943. Decided September 17th, 1943.]

*Messrs. Pierson & Brand* and *Mr. Julius Lichtenstein,* for the appellant.

*Messrs. Morrison, Lloyd & Morrison* (*Mr. William J. Morrison, Jr.,*), for the complainants-respondents.

*Mr. John D. Craven,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

The complainants are the receivers and trustees of the Fairview Cemetery Company. The bill questions the validity of a bond issue in the sum of $240,000, and sought to have determined the amount due thereon as well as the persons to whom the same was payable. The bonds were all issued to Herman Walker, who had caused the lands to be conveyed to the cemetery company, and the Court of Chancery found

that all he would be entitled to in equity would be a lien for the value of the property used for cemetery purposes. *Fidelity Union Trust Co.* v. *Union Cemetery Association, 102 N. J. Eq. 100.*

The learned Vice-Chancellor found that the bonds were issued in consideration of the conveyance of the lands and $12,000 in cash. He placed the value of the land at $61,127 resulting in a total value of $73,217. He found that the bondholders, except one, were entitled to a proportionate share of $73,217, plus interest at 6% from the date of issuance to the date of payment, less whatever sums of money had been paid by the cemetery company for principal or interest. In short, the value of the bonds held by the Walker interests would be reduced to the percentage indicated from the figures.

As to the bonds held by third parties, he held that the delay in instituting a proceeding to reduce the size of the lien by reason of fraud might operate against the plot owners by way of an estoppel, and that the bonds in the hands of an innocent purchaser for value should be deemed to be worth only the par value or the purchase price—whichever was lower— interest to be adjusted.

On this appeal the only dispute is with respect to nineteen of the bonds of the Fairview Cemetery Company owned by the estate of Jonas Teichman. The bonds in question were a part of the series of bonds mentioned. They bear date October 1st, 1901, and recite:

"THE FAIRVIEW CEMETERY COMPANY for value received hereby promise to pay to the registered owner of this bond the sum of ONE THOUSAND DOLLARS on the First day of October, Nineteen hundred and twenty-one at the office of The New Jersey Title Guarantee and Trust Company in Jersey City, with interest thereon at the rate of six per cent. per annum from the date hereof, payable for the first three years on the First day of October, Nineteen hundred and four, and thereafter payable semi-annually on the First days of April and October in each year."

It is obvious at the outset that the bonds are not negotiable. *Benwell* v. *Newark, 55 N. J. Eq. 260.* To be negotiable a bond must be payable to order or bearer. *11 C. J. S. 434.*

The Teichman estate acquired no greater rights against the cemetery corporation than the assignor had. Obviously, the bonds having been issued for more than the value of the property transferred by the promoter they were subject in equity to a reduction to true value and the assignee of such specialty could take no better position than the assignor had, unless misled by some act of the ultimate obligor. The assignee takes subject to all the equities existing at the time of the assignment. *Cornish* v. *Bryan, 10 N. J. Eq. 146.*

The proofs show that the bonds held by the Teichman estate were taken as security in February, 1933, for a debt owed by Rutherford H. Walker. In 1936, they were assigned by his writing. Teichman relied upon nothing that the obligor upon the bond, or the stockholders or the lot owners of the cemetery corporation did or failed to do. As to him there were no laches and there was no estoppel. He took the same position as his assignor had occupied and may take no more than the Walker estate could take if the transfer had not been made.

The circumstance that Walker had purchased two of the bonds in question from a bank, which had sold them in order to in part satisfy a loan granted to a customer secured by these bonds, did not free them in Walker's hand from the equity which existed.

It is argued, however, that because a few of the bonds were purchased at par from a bank by a person not acquainted with the circumstances of issue, and the court below held that this purchaser was lulled into security by the failure of the plot owners to take steps to have the fraud committed against them righted, that the bonds purchased by Walker under the circumstances recited should have received the same treatment. But the argument overlooks the facts. The proofs show that the bonds upon which full recovery was allowed were purchased long before, and recovery was allowed on the theory that the lot owners by failing to promptly protest against the fraudulent mortgage and encumbrance upon their interest were estopped from so doing against an innocent purchaser for value of some of the bonds secured by the mortgage.

The propriety of this ruling is not before us by appeal and we do not pass upon it. There is certainly no reason to extend the doctrine to bonds Walker purchased and later assigned to Teichman. In no sense can it be said that there was an estoppel in favor of Walker, or his assignee. Even though a cemetery bond may not be enforced upon a day certain, the assignee of a specialty takes subject to existing equities unless estoppel arises against the ultimate obligor.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.